**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**OLECIA JAMES**                                                                        **PLAINTIFF**

**V.**                                                                       **NO. 4:19-CV-66-DMB-RP**

**THE CLEVELAND SCHOOL
DISTRICT, et al.**                                                 **DEFENDANTS**

**ORDER**

Before the Court is the Cleveland School District's motion to strike Olecia James' motion to conduct discovery regarding the District's summary judgment motion. Doc. #99.

**I
Procedural History**

On April 26, 2019, Olecia James filed a complaint against (1) the Cleveland School District; (2) Jacqueline Thigpen, in her individual capacity and official capacity as Superintendent of the District; (3) Lisa Bramuchi, in her individual capacity and official capacity as Assistant Superintendent of the District; (4) Randy Grierson, in his individual capacity and official capacity as Principal of Cleveland Central High School; (5) George Evans, in his individual capacity and official capacity as the President of the Cleveland School District Board ("Board"); (6) Todd Fuller, in his individual capacity and official capacity as Vice President of the Board; (7) Richard Boggs, in his individual capacity and official capacity as Secretary of the Board; (8) Chresteen Seals, in her individual capacity and official capacity as Chaplain of the Board; and (9) Tonya Short, in her individual capacity and official capacity as Parliamentarian of the Board. Doc. #1 at 2–3. James, who is African American, asserts constitutional claims based on the allegation that the defendants gave a white student "more points for courses than allowed by the school district's policies as outlined in the Student Handbook and Curriculum Guide." *Id.* at 2, 10.

On February 18, 2020, the District filed a motion for summary judgment. Doc. #73. On

March 20, 2020, James filed a Rule 56(d) motion to conduct discovery before responding to the motion for summary judgment. Doc. #94. On April 3, 2020, the District filed a motion to strike the discovery motion, Doc. #99, then filed a response to the discovery motion, Doc. #102. James responded to the motion to strike, Doc. #104, but did not reply in support of the motion for discovery.[1]

## II
## Analysis

The District's motion to strike argues that James' discovery motion, which was filed approximately thirty days after the motion for summary judgment, should be stricken as untimely. Doc. #100. James responds that her discovery motion was timely because it was filed before the Court ruled on the motion for summary judgment. Doc. #104 at 2. Alternatively, James argues that even if the motion is untimely, the Court should not strike it because the untimely filing would not warrant case-dispositive sanctions. *Id.* at 3.

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that a court may allow discovery or defer decision on a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Notably, "a formal motion is not required to request discovery under Rule 56." *Shelton v. Bledsoe*, 775 F.3d 554, 567, 568 n.8 (3d Cir. 2015) (collecting cases). While the rule does not include a timing provision, a Rule 56(d) request must be timely. *Gutierrez v. Cobos*, 841 F.3d 895, 909 (10th Cir. 2016); *Hicks v. Johnson*, 755 F.3d 738, 743 (1st Cir. 2014); *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990). In the Fifth Circuit, a Rule 56(d) request is timely so long as it is "requested … prior to the court's ruling on summary judgment." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994); *Winfrey v. San Jacinto County*, 481 F. App'x

---

[1] James sought an extension to reply but filed no reply by the requested extension date, or at all. Doc. #103. Accordingly, the Court denied the motion as moot. Doc. #107.

969, 982 (5th Cir. 2012).

Here, James' Rule 56(d) request was filed before disposition of the District's motion for summary judgment. The request was, therefore, timely. The District's motion to strike [99] is **DENIED**.

**SO ORDERED**, this 17th day of July, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

3