**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**OLECIA JAMES**                                                                              **PLAINTIFF**

**V.**                                                                                     **NO. 4:19-CV-66-DMB-RP**

**THE CLEVELAND SCHOOL
DISTRICT, et al.**                                                         **DEFENDANTS**

## ORDER

Before the Court is Olecia James' motion to strike certain affidavits submitted by the individual defendants in support of their dispositive motions. Doc. #105.

### I
### Procedural History

On April 26, 2019, Olecia James filed a complaint against (1) the Cleveland School District; (2) Jacqueline Thigpen, in her individual capacity and official capacity as Superintendent of the District; (3) Lisa Bramuchi, in her individual capacity and official capacity as Assistant Superintendent of the District; (4) Randy Grierson, in his individual capacity and official capacity as Principal of Cleveland Central High School; (5) George Evans, in his individual capacity and official capacity as President of the Cleveland School District Board ("Board"); (6) Todd Fuller, in his individual capacity and official capacity as Vice President of the Board; (7) Richard Boggs, in his individual capacity and official capacity as Secretary of the Board; (8) Chresteen Seals, in her individual capacity and official capacity as Chaplain of the Board; and (9) Tonya Short, in her individual capacity and official capacity as Parliamentarian of the Board. Doc. #1 at 2–3. James, who is African American, asserts constitutional claims based on the allegation that the defendants gave a white student "more points for courses than allowed by the school district's policies as outlined in the Student Handbook and Curriculum Guide." *Id*. at 10.

On July 2, 2019, United States Magistrate Judge Roy Percy entered a case management

order ("CMO") which provides in relevant part:

> The Defendants assert immunity, including qualified immunity, defenses in this case, and the parties acknowledge that if defendants file immunity motions, this case would be stayed pursuant to this Court's Local Rules. However, all parties agree to proceed with discovery on all issues and that defendants will not waive their immunity defenses by proceeding with discovery on all issues or by not filing their immunity defense motions until after discovery on all issues is completed.

Doc. #12 at PageID #64. The CMO set a discovery deadline of January 2, 2020, *id.* at PageID #65, which was later extended to February 3, 2020, Doc. #32.

On January 9, 2020, the individual defendants filed motions to dismiss or in the alternative for summary judgment based on qualified immunity. Docs. #35, #37, #39, #41. In support of the motions, the defendants attached, among other things, affidavits from Thigpen, Grierson, Bramuchi, and Denise Mullins. The same day, the defendants filed a motion "pursuant to Local Rule 16(b)(3)(B) [to] stay all matters, including discovery already propounded by the Plaintiffs, in order to limit and define the scope of any discovery moving forward, to allow only immunity-related discovery to facilitate the resolution of the Defendants' qualified immunity motions." Doc. #45 at 3. James did not respond to the motion to stay within the time allowed but on January 27, 2020, filed a motion for qualified immunity discovery. Doc. #48. On January 28, 2020, Judge Percy granted the motion to stay. Doc. #49. Judge Percy's order stays "the disclosure requirements and all discovery … pending a ruling on the motions to dismiss." *Id.*

On April 20, 2020, James filed a motion to strike the affidavits of Thigpen, Bramuchi, Grierson, and Mullins which were submitted in support of the qualified immunity motions. Doc. #105. The motion to strike is fully briefed. Docs. #108, #109, #110.

## II
## Analysis

James argues that the challenged affidavits should be stricken because they were not disclosed during discovery and because certain exhibits referenced in Thigpen's affidavit were not

2

attached. Doc. #106 at 3–7.¹ The defendants contend these arguments do not justify striking the affidavits. Doc. #108. In a separate response, Thigpen further argues that the motion to strike is untimely. Doc. #109.

### A. Timeliness

Thigpen contends that the motion to strike, "coming months after the affidavits were filed, cannot be timely." Doc. #109 at 2. A motion to strike an affidavit must be timely. *Auto Drive-Away Co. of Hialeah, Inc. v. Interstate Com. Comm'n*, 360 F.2d 446, 448–49 (5th Cir. 1966). However, because "the rules do not prescribe a specific period within which [a motion to strike] should be made[,] the decision on that question is left to the discretion of the trial judge." 10B Fed. Prac. & Proc. Civ. § 2738 (4th ed.). A motion to strike may be denied as untimely when it is filed after the response to the motion for summary judgment *and* the movant offers "no explanation for this delay." *SerVaas Inc. v. Republic of Iraq*, 540 F. App'x 38, 42 (2d Cir. 2013).

Here, James responded to the individual defendants' motions on February 11, 2020, but waited more than two additional months before seeking to strike the motions' evidentiary support. No explanation for this delay has been offered. Accordingly, the Court finds the motion to strike is untimely. *See Alford v. Pousak*, No. 2:07-cv-15517, 2009 WL 1299568, at *1 (E.D. Mich. Apr. 29, 2009) (motion to strike untimely when filed two months after filing of affidavits). Nevertheless, the Court, out of an abundance of caution, will address the motion on the merits.

### B. Disclosure of Affidavits

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires that a party provide to the other parties "a copy--or a description by category and location--of all documents, electronically stored

---

¹ Beyond containing general commentary about whether the affidavits would support a grant of summary judgment, the motion also argues that Judge Percy "committed plain error when he changed the agreement set forth in the CMO, which governed how discovery would proceed if the defendants raised their qualified immunity defenses during discovery." Doc. #106 at 6. This argument, which relates to the propriety of discovery, not the challenged affidavits, will be addressed by separate order.

3

information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Pursuant to Federal Rule of Civil Procedure 26(e)(1):

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In seeking exclusion under Rule 37, as James does here, "the moving party bears the burden of showing that its adversary failed [to] timely … disclose information required by Rule 26." *In re Sept. 11 Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). If the movant satisfies its initial burden, the non-disclosing party must show that its failure to disclose was either substantially justified or harmless. *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) ("Appellants provided no explanation for their actions. Therefore, … the district court clearly did not abuse its discretion by excluding the testimony."); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) ("The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless.").

"As a general rule, a supplemental disclosure … is timely if it is made as soon as possible after the party learns of the deficiency. A party learns of a deficiency when he should have been aware of the need to disclose." *Dykes v. Cleveland Nursing & Rehab. Ctr.*, No. 4:15-cv-76, 2018 WL 3058870, at *4 (N.D. Miss. June 20, 2018) (cleaned up). The duty to supplement a Rule 26

4

disclosure applies to disclosing affidavits used in summary judgment briefing. *Morogiannis v. Caesars World, Inc.*, No. 93 CIV. 1153, 1995 WL 217512, at *2 (S.D.N.Y. Apr. 11, 1995). However, an affidavit cannot be "disclosed prior to [its] creation." *Rome v. Meyers*, No. 05 C 50136, 2008 WL 11446521, at *1 (N.D. Ill. Oct. 30, 2008). Furthermore, there is no duty to supplement when "the additional or corrective information has … otherwise been made known to the other parties … in writing." Fed. R. Civ. P. 26(e)(1)(A). Accordingly, so long as an affidavit supporting a summary judgment motion is "immediately served on" the opposing party with the summary judgment motion, there is no violation of Rule 26(e). *Rome*, 2008 WL 11446521, at *1.

Here, the Bramuchi, Mullins, and Grierson affidavits were executed on January 8, 2020. *See* Doc. #35-1 (Mullins); Doc. #35-3 (Bramuchi); Doc. #35-5 (Grierson). The Thigpen affidavit was executed January 9, 2020. *See* Doc. #35-4. The affidavits were filed and served on James on January 9, 2020. Doc. #35 at PageID #150. Under these circumstances, the Court finds no violation of Rule 26(e). Accordingly, the affidavits will not be stricken as nondisclosed.[2]

### C. Attachments

Finally, James argues that the Thigpen affidavit is improper because it references documents not attached to the affidavit. Doc. #106 at 7. While Rule 56 previously required the attachment of referenced documents, the rule was amended in 2010 to eliminate this requirement. Accordingly, James' argument is without merit.[3]

---

[2] In reaching this conclusion, the Court finds unpersuasive *Gilmore v. Stalder*, No. 06-1509, 2008 WL 2097162 (W.D. La. May 16, 2008), the case relied on by James. In *Gilmore*, the plaintiff sought to strike various affidavits which were executed during litigation but not disclosed. 2008 WL 2097162 at *1. The case did not address the situation here—when affidavits are executed contemporaneously with the filing of a motion for summary judgment.

[3] In discussing the failure to attach, James argues that Thigpen's affidavit states that the Board took a specific action which was not reflected in the Board minutes. Doc. #106 at 7. This statement appears to be an oblique reference to what is known as "Mississippi's minutes rule," under which "a public board [may] speak[] and act[] only through its minutes." *Lefoldt v. Horne, L.L.P.*, 938 F.3d 549, 552 (5th Cir. 2019) (internal quotation marks omitted). Even if the statement violates the minutes rule, a conclusion this Court need not reach here, such a violation would justify disregarding the statement, not striking the affidavit. *See Hart v. BHH, LLC*, 323 F. Supp. 3d 560, 564 (S.D.N.Y. 2018) ("Nothing in the rules or the case law requires a court to strike any portion of a Rule 56 affidavit that is not properly supported. A court may … simply disregard the allegations that are not properly supported.") (cleaned up).

**III**
**Conclusion**

For the reasons above, James' motion to strike [105] is **DENIED**.

**SO ORDERED**, this 22nd day of July, 2020.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
