## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

OLECIA JAMES                                                    PLAINTIFF

V.                                                    NO. 4:19-CV-66-DMB-RP

THE CLEVELAND SCHOOL
DISTRICT, et al.                                              DEFENDANTS

### ORDER

This civil rights case is before the Court on the defendants' dispositive motions,[1] and Olecia James' request for Rule 56(d) relief regarding such motions.[2]

### I
### Procedural History

On April 26, 2019, Olecia James filed a complaint against (1) the Cleveland School District; (2) Jacqueline Thigpen, in her individual capacity and official capacity as Superintendent of the School District; (3) Lisa Bramuchi, in her individual capacity and official capacity as Assistant Superintendent of the School District; (4) Randy Grierson, in his individual capacity and official capacity as Principal of Cleveland Central High School; (5) George Evans, in his individual capacity and official capacity as President of the Cleveland School District Board ("Board"); (6) Todd Fuller, in his individual capacity and his official capacity as Vice President of the Board; (7) Richard Boggs, in his individual capacity and official capacity as Secretary of the Board; (8) Chresteen Seals, in her individual capacity and official capacity as Chaplain of the Board; and (9) Tonya Short, in her individual capacity and official capacity as Parliamentarian of the Board. Doc. #1 at 2–3. James, who is African American, asserts constitutional claims based on the allegation that the defendants gave a white student "more points for courses than allowed by the

---

[1] Docs. #35, #37, #39, #41, #73.

[2] Doc. #130.

school district's policies as outlined in the Student Handbook and Curriculum Guide." *Id*. at 2, 10. The defendants answered the complaint on May 16, 2019. Doc. #6.

On July 2, 2019, United States Magistrate Judge Roy Percy entered a case management order ("CMO") which provides in relevant part:

> This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.
> …
> The Defendants assert immunity, including qualified immunity, defenses in this case, and the parties acknowledge that if defendants file immunity motions, this case would be stayed pursuant to this Court's Local Rules. However, all parties agree to proceed with discovery on all issues and that defendants will not waive their immunity defenses by proceeding with discovery on all issues or by not filing their immunity defense motions until after discovery on all issues is completed.

Doc. #12 at PageID #62, #64.

On January 9, 2020, the individual defendants filed motions to dismiss the individual capacity claims, or in the alternative, for summary judgment on such claims. *See* Doc. #35 (Thigpen motion); Doc. #37 (Grierson motion); Doc. #39 (Board Members[3] motion); Doc. #41 (Bramuchi motion). In support of the motions, the defendants attached, among other things, newly-executed affidavits from Thigpen,[4] Grierson,[5] Bramuchi,[6] and Denise Mullins.[7] The same day, the individual defendants filed a motion "pursuant to Local Rule 16(b)(3)(B) [to] stay all matters, including discovery already propounded by the Plaintiffs, in order to limit and define the scope of any discovery moving forward, to allow only immunity-related discovery to facilitate the resolution of the Defendants' qualified immunity motions." Doc. #45 at 3. Judge Percy

---

[3] The Board Members are Boggs, Evans, Fuller, Seals, and Short.

[4] Docs. #35-4, #37-4, #39-4, #41-4.

[5] Docs. #35-5, #37-5, #39-5, #41-5.

[6] Docs. #35-3, #37-3, #39-3, #41-3.

[7] Docs. #35-1, #37-1, #39-1, #41-1.

granted the motion and stayed discovery on January 28, 2020.   Doc. #49.

In response to the dispositive motions, James filed a motion asking that she be permitted "to conduct qualified immunity and merit related discovery before requiring her to respond to the defendants' Motions to Dismiss and Motions for Summary Judgment" ("First Discovery Motion"). Doc. #48 at 5.   Subsequently, James filed (1) a response to the Thigpen Motion, Doc. #60; (2) a Rule 56(d) request for discovery with respect to the Thigpen Motion, Doc. #64; (3) a response to the Grierson Motion, Doc. #62; (4) a Rule 56(d) request with respect to the Grierson Motion, Doc. #65; (5) a combined response and Rule 56(d) request to the Board Motion, Doc. #68; and (6) a response (but not a memorandum) to the Bramuchi Motion, Doc. #66.

On February 18, 2020, the School District filed a motion for summary judgment.   Doc. #73.   On March 20, 2020, James filed a motion to conduct discovery before responding to the motion for summary judgment ("Second Discovery Motion").   Doc. #94.

On July 30, 2020, this Court lifted the stay on discovery and extended the discovery period through October 9, 2020, because the language of the CMO waived the defendants' right to obtain a stay and because granting a stay under such circumstances would prejudice James.   Doc. #125 at 8–9.   In a separate order issued the same day, the Court denied without prejudice James' two discovery motions and her numerous Rule 56(d) requests.   Doc. #127 at 4.   However, the Court allowed James fourteen days to file a single consolidated Rule 56(d) request.   *Id*.   James did so, and the defendants filed a consolidated response.   Docs. #130, #137.   No reply was allowed.

## II
## Character of the Defendants' Motions

As an initial matter, to the extent the defendants filed their dispositive motions after filing their answers, the requests for dismissal under Rule 12(b)(6) should be treated as motions for judgment on the pleadings pursuant to Rule 12(c).   *See Doe v. De Amigos, LLC*, 987 F. Supp. 2d 12, 14 (D.D.C. 2013) ("Although defendant De Amigos has styled its motion as a motion for partial

summary judgment or, in the alternative, a motion to dismiss, the Court will treat the alternative motion to dismiss as a motion for judgment on the pleadings because defendant De Amigos filed an answer to the complaint on November 7, 2011.").

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."   The rule, however, is inapplicable to motions for judgment on the pleadings.  *Montano v. Centurion Corr. Healthcare of N.M., LLC*, No. 15-415, 2019 WL 3415562, at \*2 (D.N.M. July 29, 2019).   Accordingly, to the extent the defendants seek judgment on the pleadings, James' request for Rule 56(d) relief is inapplicable.

While a party is entitled to file a motion seeking both Rule 12(b)(6) and summary judgment relief as alternatives, such motions are discouraged because "hybrid motions often fail to properly analyze the claims separately under each rule."   *Carrero v. Arapahoe Cnty. Sheriffs Off.*, No. 05-cv-2414, 2006 WL 2594472, at \*1 n.1 (D. Colo. Sept. 11, 2006).   "[W]here a defendant has moved for summary judgment under Rule 56 as an alternative to dismissal under Rule 12(b)(6), the decision regarding whether or not to treat [the] motion to dismiss as one for summary judgment is committed to the sound discretion of the trial court."   *Tyson v. Brennan*, 306 F. Supp. 3d 365, 369–70 (D.D.C. 2017) (internal quotation marks omitted).   As a practical matter, if the motion contains only a Rule 12(b)(6) or only a summary judgment analysis, then it is properly considered only a motion brought under that standard.   *See Savinell v. Alexander*, No. 4:14cv18, 2014 WL 5090623, at \*1 n.2 (N.D. Miss. Oct. 9, 2014) ("Because Defendants only address the summary judgment standard in their memorandum in support of their motion, however, the Court construes the pleading under summary judgment standards."); *Aguilar v. ALCOA Concrete & Masonry, Inc.*,

No. 15-0683, 2015 WL 6756044, at *2 (D. Md. Nov. 4, 2015) (because "the body of the Motion and the accompanying Memorandum lack any reference to summary judgment[,] [t]he Court … analyzes the Motion under only the standard for a motion to dismiss").

Here, each memorandum supporting each dispositive motion contains a section setting forth the facts as pleaded in the complaint and a separate section setting forth allegedly undisputed material facts based on the evidentiary record. *See, e.g.*, Doc. #36 at 2–15. However, each memorandum contains only a single analysis section which makes no effort to distinguish between a summary judgment analysis or a motion to dismiss analysis. *See id.* at 17–25. Furthermore, the analysis for each dispositive motion relies substantially, if not entirely, on matters outside the pleadings. Under these circumstances, the Court concludes that the motions should be treated exclusively as motions for summary judgment. *See Simmons v. Johnston*, No. 1:08-CV-822, 2009 WL 3153039, at *4 n.5 (W.D. Mich. Sept. 24, 2009) ("Because this motion is primarily (if not exclusively) one for summary judgment, the court will treat it as such."); *Robinson v. Davis*, No. 99-1866, 2002 WL 32605748, at *1 n.1 (E.D. Va. Jan. 30, 2002) ("Because defendant Hewlitt in her Motion to Dismiss or, in the alternative, Motion for Summary Judgment relies upon matters outside the pleadings, defendant Hewlitt's motion will be treated exclusively as a motion for summary judgment."); *Traylor v. Carl E. Woodward, Inc.*, No. 89-3621, 1990 WL 41900, at *1 (E.D. La. Apr. 2, 1990) ("Where resolution of a motion to dismiss or, alternatively, for summary judgment requires the Court to look beyond allegations on the face of the pleadings, the motion is treated exclusively as a motion for summary judgment.").

### III
### Rule 56(d) Request

While Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact. More specifically, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate

how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts.

*Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016) (cleaned up).

In what has become an unfortunate pattern with James' counsel, James' consolidated motion for discovery is largely conclusory and reflects little to no effort in applying the facts to the law. The motion seeks broad categories of evidence to show that the allegedly wrongful acts were taken with discriminatory intent but does not specify the facts she seeks to uncover or why she believes such facts exist. Doc. #131 at 5–6. The motion makes no attempt to show how such facts would defeat summary judgment.

Under normal circumstances, James' consolidated motion would be wholly insufficient to satisfy the requirements of Rule 56(d). However, a court may relax the Rule 56(d) standard when "rigid adherence to the requirements … would be unjust and would offend the general policy in favor of liberal discovery." *Roebuck v. Hudson Valley Farms, Inc.*, 208 F.R.D. 34, 36 n.5 (N.D.N.Y. 2002); *see In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 144 (1st Cir. 2014) (Rule 56(d) "requirements are not inflexible and … may be relaxed, or even excused, to address the exigencies of a given case"); *Light of the World Gospel Ministries, Inc. v. Village of Walthill*, No. 8:18CV312, 2020 WL 5106813, at *4 (D. Neb. Aug. 31, 2020) (Rule 56(d) requirements "are not inflexible and district courts are vested with considerable discretion in their administration."). For example, a court may grant Rule 56(d) relief when a plaintiff has "been deprived by court order of all but the most limited discovery." *Roebuck*, 208 F.R.D. at 36 n.5.

Here, as detailed in this Court's order lifting the discovery stay,[8] the defendants, after agreeing to proceed with discovery throughout the discovery period, filed a barrage of dispositive motions relying substantially on newly-executed affidavits. Then, with discovery requests still

---

[8] Doc. #125.

outstanding, the defendants filed a motion to stay discovery, which was initially granted. Even now, with discovery reopened, the defendants continue to object to discovery. *See* Doc. #142. Under these unique circumstances, the exigencies of the case warrant Rule 56(d) relief, notwithstanding the deficiencies in James' motion. Accordingly, the Court will grant James' motion for Rule 56(d) relief. Consequently, the pending motions for summary judgment will be denied without prejudice.

**IV**
**Conclusion**

For the reasons above, James' motion for Rule 56(d) relief [130] is **GRANTED**. The pending motions for summary judgment [35][37][39][41][73] are **DENIED without prejudice** to being refiled after the close of discovery.[9]

**SO ORDERED**, this 18th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] The deadline to refile any motions for summary judgment is fourteen days after the close of discovery.