**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**OLECIA JAMES**                                                                          **PLAINTIFF**

**V.**                                       **NO. 4:19-CV-66-DMB-RP**

**THE CLEVELAND SCHOOL
DISTRICT, et al.**                                                             **DEFENDANTS**

**ORDER**

Before the Court are numerous motions related to Olecia James' December 14, 2020, deadline to respond to the defendants' motions for summary judgment.

**I
Procedural History**

On November 23, 2020, the defendants in this case filed various dispositive motions. *See* Docs. #185 (Jacqueline Thigpen's motion for summary judgment), #187 (Randy Grierson's motion for summary judgment), #188 (Lisa Bramuchi's motion for summary judgment), #191 (Cleveland School District's motion for summary judgment), #193 (Board Defendants'[1] motion for summary judgment). On December 7, 2020, James filed a motion to extend until December 14, 2020, the deadline to respond to the dispositive motions. Doc. #195. This Court granted the motion the next day. Doc. #196.

On December 14, 2020, James filed a response opposing Thigpen's summary judgment motion. Doc. #197. The next day, James filed (1) a motion[2] ("December 15 Motion") seeking an unspecified extension of the deadline to respond to the motions for summary judgment; (2) documents[3] which appear to be exhibits to her response to Thigpen's summary judgment motion;

---

[1] The Board Defendants are Richard Boggs, George Evans, Todd Fuller, Chresteen Seals, and Tonya Short.

[2] Doc. #198. The certificate of service for this motion misrepresents that it was filed on January 14, 2020. *Id.* at 2.

[3] Docs. #199, #200, #201, #202.

and (3) a motion[4] ("Bramuchi Extension Motion") for leave to file out of time her response to Bramuchi's summary judgment motion. Two days later, James filed a motion[5] ("Grierson Extension Motion") for leave to file out of time her response to Grierson's summary judgment motion. On December 31, 2020, James filed a motion[6] ("December 31 Motion") for leave to file out of time "Plaintiff's Responses to the Defendants' Motions for Summary Judgment."

## II
## Analysis

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend a deadline after the time to act has expired when the movant has shown good cause for the extension and excusable neglect for missing the deadline. Motions for leave to file "out of time" are also subject to the excusable neglect standard. *Vasudevan v. Adm'rs. of Tulane Educ. Fund*, 706 F. App'x 147, 151 n.5 (5th Cir. 2017); *Barcelona Lofts, LLC v. Travelers Indem. Co. of Am.*, No. 17-cv-1048, 2018 WL 6190362, at *5 (W.D. Tex. Sept. 6, 2018); *Boggess v. Tex. Mut. Ins. Co.*, No. 3:06-cv-2312, 2007 WL 748569, at *2 (N.D. Tex. Mar. 12, 2007).

"Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015) (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006)). The most important of these factors is the reason for the delay. *Allen v. Jackson Cty.*,

---

[4] Doc. #203.

[5] Doc. #204.

[6] Doc. #213 at 5. Although the motion is titled, "Olecia James' Motion to File Her Response and Memorandum in Opposition to Cleveland School District's Motion for Summary Judgment Outside of Time," the motion itself requests leave to file all responses out of time.

2

No. 1:12-cv-57, 2014 WL 940270, at *6 (S.D. Miss. Mar. 11, 2014). However, no one factor is dispositive. *In re Prism Graphics, Inc.*, 666 F. App'x 355, 358 (5th Cir. 2016).

As stated above, James filed four motions which seek either an extension of the response deadline or leave to file a response out of time. *See* Docs. #198, #203, #204, #213. The December 15 Motion argues generally that "[d]espite undersigned counsel's best efforts, [James] will not file her [sic] all of her responses within the time allotted by the Court." Doc. #198 at 1. The Bramuchi Extension Motion is similarly conclusory, arguing that James' counsel "underestimated the amount of time she needed to complete four different responses." Doc. #203 at 1. The Grierson Extension Motion simply argues that despite James' counsel's "best efforts," she was unable to file the motions in a timely fashion. Doc. #204 at 1.

In the December 31 Motion, James represents that on December 7, 2020, her counsel's vehicle was burglarized and that the next day, her counsel "discovered someone had removed the lights over the entryway to her office." Doc. #213 at 1–2. James represents that these events caused her attorney fear and anxiety which prevented the timely filing of the documents. *Id*. Because this Court concludes that James has established excusable neglect with respect to the December 31 Motion, it need not address whether James has satisfied the excusable neglect standard in her other motions.

**A. Prejudice to Non-Movant**

The defendants argue they will suffer prejudice from an untimely filing because the filings would delay the proceedings, James would gain "the benefit of almost two months to consider Defendants' arguments before actually filing a Response," and Thigpen has already replied to James' response to her motion. Doc. #222 at 1–2.

First, the Court does not believe the filings would delay the proceedings. To the contrary, responses to the dispositive motions would allow the Court to address the dispositive motions more

3

efficiently. *See Shough v. Mgmt. & Training Corp.*, No. 3:16 CV 53, 2018 WL 295576, at *3 n.11 (N.D. Ohio Jan. 3, 2018) ("Because district courts have wide discretion in deciding whether to allow late filings under Civil Rule 6, and to fully understand the issues presented, the Court will consider Defendants' untimely response."). Even if the extension ultimately necessitated a continuance of trial, the defendants have offered no argument how such a delay would specifically prejudice them. *See United States v. Manriques*, No. 1:10-cr-440, 2013 WL 5592191, at *5 (M.D.N.C. Oct. 10, 2013) ("[D]elay in and of itself does not constitute prejudice to the opposing party.").

Second, insofar as the only untimely documents related to Thigpen's summary judgment motion were exhibits filed just hours after the deadline, James will obtain no undue benefit in the consideration of such documents.

Third, James submitted proposed responses to the summary judgment motions of Bramuchi and Grierson just one day after the deadline. *See* Docs. #203-1, #204-1. Accordingly, any benefit of additional time for these documents would be immaterial. While it is true James has not submitted a proposed response to the Board Defendants' summary judgment motion, any benefit gleaned from a delay in filing may be offset by providing the defendants with a similar extension to reply, should they request it.

Finally, there is simply no reason Thigpen would have to re-file her response if this Court granted James' motion for leave to file out-of-time. Accordingly, any prejudice from such a re-filing (which this Court does not see) would not arise.[7]

---

[7] In response to James' other motions for extension, the defendants suggest that since Thigpen has already replied in support of her motion, allowing untimely responses would give James the benefit of addressing arguments in Thigpen's reply with respect to the other motions. *See* Doc. #206 at 4. The Court questions whether this would produce any true prejudice to the defendants but even if it did, this is an issue of the defendants' own making. Filing multiple dispositive motions on similar issues does not guarantee an identical briefing period with respect to each motion.

Thus, the Court concludes that there is little to no risk of prejudice to the non-movants. This factor, therefore, weighs in favor of a finding of excusable neglect.

### B. Length of Delay

Ordinarily, a two-week delay such as the one here weighs in favor of a finding of excusable neglect. *Scott v. Willis*, No. 17-cv-339, 2019 WL 1878361, at *4 (W.D. Tex. Jan. 3, 2019). It does so here.

### C. Reason for the Delay

"A lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings, and therefore can be sufficient for a finding of excusable neglect." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017). Typically, a party must show that the "illness was of such a magnitude that [counsel] could not, at a minimum, request an extension of time to file [the document]." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012). In making this determination, a court may accept a lawyer's representations as true. *United States v. Ruth*, 946 F.2d 110, 112 n.2 (10th Cir. 1991).

James' counsel has represented to the Court that her anxiety "affected [her] ability to timely respond" to the motions. Doc. #217. She further asserts that "[d]espite her fear and anxiety, [she] endeavored to complete five different briefs [when] the better course would have been to … seek an[] extension." Doc. #213 at 2. While the Court credits James' counsel's statements that the fear and anxiety caused her to miss the applicable deadline, she has not shown that her counsel's illness was of such a magnitude that it would have precluded her from seeking an extension. Under these circumstances, the Court concludes that this factor weighs slightly against a finding of excusable neglect.

5

### D. Good Faith

The defendants do not dispute that James' counsel acted in good faith in seeking an extension. *See* Doc. #222. In the absence of any reason to question James' good faith, this factor weighs in favor of excusable neglect. *See In re Orosco*, No. 19-60038, 2020 WL 6054695, at *5 (N.D. Tex. Oct. 13, 2020) ("[W]here the court has no reason to question the good faith of the [movants], such factor weighs in their favor.")

### E. Balancing

The existence of excusable neglect in this instance is a close call. While the delay was relatively short and there is no indication the defendants would suffer prejudice, James has not shown that her counsel's illness was of such a magnitude that her counsel could not, at a minimum, request an extension of time to file. Considering these findings, the undisputed good faith of James' counsel *barely* nudges her motion over the excusable neglect threshold to justify an extension. For largely the same reasons, the Court concludes that she has also shown good cause.[8]

### III
### Conclusion

Olecia James' December 31 Motion for leave to file her responses out of time [213] is **GRANTED**. The exhibits to James' response to Jacqueline Thigpen's motion for summary judgment [199][200][201][202] are deemed timely filed. James may file her proposed response [204-1][9] to Grierson's motion for summary judgment and her proposed response [203-1] to Bramuchi's motion for summary judgment within seven (7) days of the entry of this order. James

---

[8] Even if the grounds for the motion did not establish excusable neglect, this Court maintains discretion to consider untimely filings. *See Jackson v. Park Place Condos. Ass'n, Inc.*, 619 F. App'x 699, 705 (10th Cir. 2015) ("[D]istrict courts are entitled to a great deal of discretion in deciding whether to consider untimely motions."). Given the dispositive nature of the motions at issue and the relatively short delay, the Court exercises its discretion to consider James' untimely motions.

[9] Contrary to its substance, this proposed response mischaracterizes itself at times as a response to the School District's motion.

may also file a response to the Board Defendants' motion for summary judgment within seven (7) days of this order. James' other motions seeking an extension of the response deadline (or leave to file out of time) [198][203][204] are **DENIED as moot**.

    **SO ORDERED**, this 22nd day of March, 2021.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
