**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**OLECIA JAMES**                                                                                  **PLAINTIFF**

**V.**                                                                               **NO. 4:19-CV-66-DMB-RP**

**THE CLEVELAND SCHOOL
DISTRICT, et al.**                                                                          **DEFENDANTS**

<u>**ORDER**</u>

On November 23, 2020, Jacqueline Thigpen filed a motion for summary judgment on the claims Olecia James asserts against her related to the allegedly discriminatory assignment of rank points. Doc. #185. James responded in opposition to the motion on December 14, 2020. Doc. #197. Seven days later, Thigpen filed a motion to strike three exhibits to James' response: (1) a May 30, 2016, letter from Sherry Shepard to Thigpen complaining about the assignment of ranking points as to Shepard's daughter ("Shepard Letter");[1] (2) a May 16, 2018, Facebook post from Glena Haynes Weeks complaining about the assignment of ranking points as to her daughter and related Facebook comments;[2] and (3) a June 6, 2016, *New York Times* article referencing the ranking controversy involving Shepard's daughter ("June 6 Article").[3] Doc. #210. James responded in opposition to the motion January 4, 2021. Doc. #215. Thigpen did not reply.

**I
<u>Standard</u>**

Pursuant to Federal Rule of Civil Procedure 56(c)(1), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials

---

[1] Doc. #199-3.

[2] Doc. #201-8.

[3] Thigpen's memorandum cites the June 6 Article as Document #199-3, which is the Shepard Letter. Document #202-4 is a composite exhibit of three news articles—a June 6 *New York Times* article, which the Court presumes to be the subject of the motion to strike; a June 30, 2017, article from *The Washington Post*; and a July 5, 2017, article from CNN.com.

in the record." "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible, the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (internal punctuation omitted). Thus, a party may support or dispute summary judgment facts through documents which may be inadmissible at trial "provided their contents can be presented in admissible form at trial." *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019).

Where a party objects to summary judgment evidence, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. When the substance of an exhibit cannot be presented in admissible form, a district court has discretion to strike or disregard the exhibit. *Nodoushani v. S. Conn. State Univ.*, 507 F. App'x 79, 80 (2d Cir. 2013).

## II
## Analysis

There is no dispute that the three exhibits Thigpen seeks to strike—the Shepard Letter, the Facebook post, and the June 6 Article—are hearsay if offered for the truth of the matter asserted and, therefore, would be inadmissible at trial. However, James argues that "[b]ecause the newspaper articles and Facebook post are not being offered to prove the truth of the matter asserted" but rather "to show the defendants had knowledge of the inconsistent assignment of rank points and complaints of discrimination," such documents are not hearsay. Doc. #215 at 2. James' response does not appear to address the Shepard Letter but the Court presumes she intended the argument to apply to the document.

It is, of course, axiomatic that "[e]vidence introduced to prove merely that notice was given is not offered to prove the truth of the matter asserted therein and, therefore, is not hearsay."

2

*United States v. Cent. Gulf Lines, Inc.*, 747 F.2d 315, 319 (5th Cir. 1984). In the context of civil rights cases, hearsay documents "are not admissible to prove the truth … that improper practices existed [but] may be admitted to show that the [defendant] had notice of complaints of discriminatory" conduct. *Roque v. Harvel*, No. 1:17-cv-932, 2019 WL 5265292, at *10 (W.D. Tex. Oct. 16, 2019) (citing *United States v. Chavis*, 772 F.2d 100, 105 (5th Cir. 1985)).

As noted above, James contends the documents are admissible for two purposes—"to show the defendants had knowledge of the inconsistent assignment of rank points" and to show knowledge of "complaints of discrimination." To the extent the first of these purposes seems to depend on the truth of the matter asserted (that rank points were, in fact, inconsistently assigned), the documents are properly characterized as hearsay. However, to the extent they are being offered to show the fact of *complaints* that rank points were being inconsistently assigned, they are not hearsay. Because the documents have been offered for a proper purpose, the motion to strike [210] is **DENIED**.

**SO ORDERED**, this 19th day of May, 2021.

                                                                  /s/Debra M. Brown
                                                                  **UNITED STATES DISTRICT JUDGE**